JOHN WARREN v. STATE.

No. A-8400.   Sept. 2, 1932.

(14 Pac. [2d] 240.)

Jarrett & Jarrett, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of a second violation of the prohibitory liquor law, and was sentenced to pay a fine of $500 and to serve a term of one year in the county jail.

At the time charged, officers with a search warrant searched the residence and premises of defendant and found about three gallons of whisky, a part of which was in the house and a part in the barn concealed in a trap or cache in the granary. The whisky in the house was in two containers, one of which contained some poke root. The prior conviction was admitted, and defendant explained his possession by testimony that the possession was without intent to sell but for the making of medicine for his wife. The law has not made mere possession of whisky an offense, but possession must be with intent to violate some provision of the law, such as to sell or transport. The possession of a quantity in excess of one quart is made prima facie evidence of an intent to violate the law. Section 2626, Stat. 1931. Three gallons would seem to be a rather large quantity for purely medicinal purposes, and the fact of the concealment of a large part of this in the granary strengthens the presumption of unlawful intent. The defendant's testimony in explanation that he bought the whisky for $3 a gallon from a stranger who came to his place and solicited him to buy is not entirely reasonable. The evidence is sufficient.

The principal contention made is that the court failed to give an affirmative instruction that possession alone is not sufficient, but must be coupled with intent to violate the law. No exceptions were taken to the instructions given, and no request for additional instructions made. The charge of the court fairly covers the law of the case including that of intent.

No prejudicial error appearing, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.